IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DERRICK COX, #140603, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO. 2:06-CV-989-MHT |
| RICHARD ALLEN, et al., | ) |
| Defendants. | ) |

### SPECIAL REPORT AND ANSWER

COMES NOW the Defendant Richard Allen, by and through undersigned counsel in the above-styled action, and files his Special Report and Answer pursuant to the November 2, 2006 Order of this Honorable Court. The Defendant states as follows:

### PLAINTIFF'S ALLEGATIONS

The Plaintiff alleges that Defendant Allen was negligent by failing to place rubber safety mats in the prison shower. This failure led to subsequent injuries and inadequate medical care.

### DEFENDANTS

1.  Richard Allen, Commissioner
    Alabama Department of Corrections (ADOC)
    P.O. Box 301501
    Montgomery, AL 36130

### DEFENSES

The Defendant asserts the following defenses to the Plaintiff's claims:

1. Defendant Allen denies each and every material allegation contained in the Plaintiff's Complaint and demands strict proof thereof.

1

2. Defendant Allen pleads not guilty to the charges in the Plaintiff's Complaint and demands strict proof thereof.

3. The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

4. The Plaintiff is not entitled to any of the relief requested.

5. Defendant Allen pleads the defense of qualified immunity and avers that any purported action taken by him was reasonable and in good faith with reference to clearly established law at the time of the incident complained of by the Plaintiff.

6. Defendant Allen is entitled to qualified immunity and avers it is clear from the face of the complaint that the Plaintiff has not alleged specific facts indicating that Defendant Allen violated any clearly established constitutional right.

7. Defendant Allen cannot be held liable on the basis of *respondeat superior*, agency, or vicarious liability theories.

8. The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

9. The allegations contained in the Plaintiff's Complaint against Defendant Allen, fails to comply with the heightened specificity requirement of Rule 8 in §1983 cases against persons sued in their individual capacities. *See Oladeinde v. City of Birmingham*, 963 F. 2d 1481, 1485 (11th Cir. 1992); *Arnold v. Board of Educ. of Escambia County, Ala.*, 880 F. 2d 305, 309 (11th Cir. 1989).

10. Defendant Allen pleads all applicable immunities, including but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

11. Defendant Allen was at all times acting under the color of state law and therefore, they are each entitled to substantive immunity.

12. Defendant Allen pleads the general defense.

13. This Court lacks subject matter jurisdiction due to the fact that even if the Plaintiff's allegations should be proven, the allegations against Defendant Allen would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights.

14. All claims of the Plaintiff against Defendant Allen in his official capacity are barred by the Eleventh Amendment to the United States Constitution.

15. Defendant Allen pleads the affirmative defense that the Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render him liable to the Plaintiff.

16. Defendant Allen pleads the affirmative defenses of contributory negligence and assumption of the risk.

17. Defendant Allen pleads the affirmative defense of unclean hands.

18. Defendant Allen pleads the affirmative defense that the Plaintiff has failed to mitigate his own damages.

19. The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. §1997e (a) and as such these claims should be dismissed.

20. Defendant Allen pleads the affirmative defense that he is not guilty of any conduct which would justify the imposition of punitive damages against him and that any such award would violate the United States Constitution.

21. Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails

to state a claim upon which relief may be granted, or seeks money damages from the Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e) (c).

22. Defendant Allen reserves the right to raise additional defenses.

## DISCLOSURES

In accordance with the November 2, 2006 Special Report Order, Defendant Allen submits the following initial disclosures:

1. Attached affidavits of:

a.      Richard Allen, Commissioner

2. The following persons may have personal knowledge of the facts relevant to the claims asserted by the Plaintiff or the defenses asserted by Defendant Allen:

Louis Boyd, Warden

Ruth Naglich, ADOC Associate Commissioner of Health Services

Lynn Brown, ADOC Regional Nurse Manager

Plaintiff Derrick Cox

3.      Clear and legible copies of the documents relevant to claims or defenses asserted in the action are as follows:

b.      Inmate Summary Sheet

## STATEMENT OF THE FACTS

The Plaintiff is an inmate within the Alabama Department of Corrections. He is currently confined at the Bullock Correctional Facility in Union Springs, Alabama. The Plaintiff was sentenced to a 15-year term for the convictions of Unlawful Breaking and Entering a Vehicle and

Theft of Property I. (Ex. b)

The Plaintiff alleges that on or about October 24, 2006, that he fail in the shower at Bullock Correctional Facility.

Defendant Allen was not aware of this incident. (Ex. a) As the Commissioner of ADOC, he does not control the daily of operation of the correctional facilities, specifically Bullock Correctional Facility. (Ex. a) As to any medical treatment for the Plaintiff, Defendant Allen does not make any decisions and does not attempt to intercede, overrule, or influence the decision of the medical personnel. (Ex. a)

## ARGUMENT

The Plaintiff is bringing his claims under the provisions of 42 U.S.C. §1983. Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding.

42 U.S.C. §1983

This section "provides a remedy when a person acting under color of state law deprives a plaintiff of a right, privilege, or immunity secured by the Constitution, laws or treaties of the United States." *Sasser v. Alabama Department of Corrections*, 373 F.Supp.2d 1276, 1290 (M.D. Ala. 2005) "In order to establish a claim under Section 1983, a plaintiff must show a violation of a right secured by the Constitution of the United States, and also that the deprivation of that right was committed by a person acting under color of state law." *Id.*; see *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Cummings v. DeKalb County*, 24 F.3d 1349, 1355 (11th Cir. 1994).

In *Gardner v. Howard*, 109 F.3d 427, 429-430 (8th Cir. 1997), the Eighth Circuit held "[q]ualified immunity shields government officials from §1983 damage liability unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" (Citing *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). As the *Sasser* Court stated the threshold question is that of Eleventh Amendment Immunity. *Sasser* at 1291. The Eleventh Amendment immunity "prohibits federal courts from entertaining suits by private parties against States and their agencies." *Alabama v. Pugh*, 438 U.S. 781 (1978) Neither a state nor an agency of the state may be made a defendant in any action in federal court under 42 U.S.C. § 1983. *Pugh*, 438 U.S. 781. There are two (2) exceptions: (1) if the State waives its immunity or (2) if Congress has abrogated the immunity of the State. *Carr v. City of Florence, Ala.*, 916 F. 2d 1521, 1524 (11th Cir. 1990). Article I, §14 of the Alabama Constitution provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." Defendant Allen has adhered to the statutory laws and constitutional rights of the Plaintiff. Defendant Allen is barred from being sued due to Eleventh Amendment Immunity.

The Plaintiff alleges that there is a claim for inadequate medical care and there was deliberate indifference. There is a two part analysis that governs an Eighth Amendment challenge to conditions of confinement; first a prisoner must prove that the conditions that he complains of is sufficiently serious to violate Eighth Amendment, and second, under the "subjective component" the prisoner must show that the defendant prison officials acted with sufficiently culpable state of mind with regard to the condition at issue. Severe discomfort is insufficient to establish the objective component. *Chandler v. Crosby*, 17 Fla. L. Weekly Fed. C. 891 (11th CA 2004). Under the objective component, a prisoner must prove the condition he complains of is sufficiently serious to violate the

Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Specifically, a prisoner must prove "a serious medical need" or the denial of "the minimal civilized measure of life's necessities." *Chandler*, 379 F.3d at 1289-1290; (other citations omitted). "The challenged prison condition must be 'extreme'" and must pose "an unreasonable risk of serious damage to his future health." *Chandler*, 379 F.3d at 1289-90 (quoting *Hudson*, 503 U.S. at 9) (other citation omitted). Under the subjective component, the prisoner must prove that the prison official acted with "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (stating that an individual may be held liable under the Eighth Amendment only if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); *Hudson*, 503 U.S. at 8; *Wilson v. Seiter*, 501 U.S. 294 (1991). To prove deliberate indifference, the prisoner must show that the defendant prison official "'acted with a sufficiently culpable state of mind' " with regard to the serious prison condition or serious medical need in issue. *Chandler*, 379 F.3d at 1289-1290 (quoting *Hudson*, 503 U.S. at 8). Negligence or even gross negligence does not satisfy this standard. *Id.;* *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir.1996).

In the case at bar, Defendant Allen was not aware of the Plaintiff's situation or his medical needs. (Ex. a) As to any medical treatment for the Plaintiff, Defendant Allen does not make any decisions and does not attempt to intercede, overrule, or influence the decision of the medical personnel. (Ex. a) Therefore, Defendant Allen was not deliberately indifferent to the Plaintiff's medical needs.

Wherefore these premises considered, Defendant Allen prays that this Honorable Court will find that the Plaintiff is not entitled to any relief and this complaint should be dismissed.

Respectfully submitted,

/s/ Kim T. Thomas
KIM T. THOMAS (THO115)
DEPUTY ATTORNEY GENERAL
GENERAL COUNSEL


/s/ Tara S. Knee
TARA S. KNEE (KNE003)
ASSISTANT ATTORNEY GENERAL
ASSISTANT GENERAL COUNSEL

**ADDRESS OF COUNSEL:**

**ALABAMA DEPARTMENT OF CORRECTIONS**
**LEGAL DIVISION**
**301 S. RIPLEY STREET**
**P.O. BOX 301501**
**MONTGOMERY, AL 36130**
**(334) 353-3881**

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served upon:

Inmate Derrick Cox
AIS #140603
Bullock Correctional Facility
P.O. Box 5107
Union Springs, AL 36089-5107

by placing a copy of same in the United States Mail, first class postage prepaid and properly addressed this the 12th day of December, 2006.

/s/ Tara S. Knee
TARA S. KNEE (KNE003)
ASSISTANT ATTORNEY GENERAL
ASSISTANT GENERAL COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DERRICK COX, #140603,            )
                                 )
    Plaintiff,               )
                                 )
vs.                              )  CIVIL ACTION NO. 2:06-CV-989-MHT
                                 )
RICHARD ALLEN, et al.,           )
                                 )
    Defendants.              )

### AFFIDAVIT

STATE OF ALABAMA        X
                        X
MONTGOMERY COUNTY       X

    Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared Richard F. Allen, who being known to me and being by me first duly sworn, deposes and says on oath as follows:

    My name is Richard F. Allen. I am presently employed as Commissioner of the Alabama Department of Corrections. I am over twenty-one (21) years of age.

    I do not know the Plaintiff in this matter and to my knowledge have not had any contact with him. As Commissioner, I do not control the daily operation of Bullock Correctional Facility or other various institutions of the Department, and had no involvement in the alleged incident. Also, as Commissioner, I do not make decisions regarding medical treatment for inmates, and do not attempt to intercede, overrule, or influence any decisions made by medical personnel regarding medical treatment for inmates.

EXHIBIT   a

DERRICK COX, AIS #140603 V. RICHARD ALLEN, ET AL.                    CIVIL
ACTION NO.   2:06-CV-989-MHT

Page 2

      I deny that I have violated the Plaintiff's constitutional rights in any way.

                                                      _____
                                                      Richard F. Allen
                                                      Commissioner

      SWORN TO AND SUBSCRIBED before me this 14th day of November, 2006.


                                    _____
                                    NOTARY PUBLIC
                                    MY COMMISSION EXPIRES

```
                       DISPLAY INMATE SUMMARY DATA              ** PRODUCTION **
  06/DEC/2006      16:04:41      CDSUM     499    L-TARA      CDSUM01     604
--------------------------------------------------------------------------------
  AIS: 00140603E  INMATE: COX, DERICK                    RACE: B  SEX:  M

INST: 045-BULLOCK CORRECTIONAL FACILITY   JAIL CR: 0165D  DOB: 01/07/1963
SSN: 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 PAR CONS DT: 08/2006   CURR CUST: MED2  CURR CUST DT:04/12/2005
ALIAS: COX, D CHARLES                   ALIAS: COX, DERICK CHARLES
ADM TP: RETRIED COMMITMENT              STATUS: REMOVED FROM SEGREGATION
INIT SENT DT:02/22/2005 ADM DT: 02/22/2005 DEAD TIME: 00Y 00M 00D
                                N                                           TY
COUNTY        SENT DT    CASE   L CRIME                          TERM       PE
BESSEMER     02/22/2005 000334  Y UNLAW BREAKING AND ENTERING VEH 15Y00M00D  CS
BESSEMER     02/22/2005 001220  Y THEFT OF PROPERTY II            15Y00M00D  CC


                   NO MORE RCDS THIS TYPE AVAIL
INMATE HAS 003DISCIPLINARIES RESULTING IN LOSS OF 000Y00M00D OF GOOD TIME.
INMATE HAS 006TRANSFER RECORDS ON FILE.
INMATE HAS 00 DETAINER/WARRANT RECORDS ON FILE.
 TOTAL  TERM   REV GOOD TIME   MIN REL DT   TOT GOOD TIME  SHORT DATE   LONG DATE
 015Y 00M 00D  000Y 00M 00D    06/17/2009   003Y 10M 20D   06/17/2009   09/06/2019
```

EXHIBIT  b