In the United States Federal
district Court P.O. Box 711
Montgomery, Alabama 36130



RECEIVED
2006 DEC 19 A 9:41
  P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Derrick Cox #140603 )
                Plaintiff )
                          )   2:06-CV-989-MHT
        Vs                )
                          )
Richard Allen, Commissioner )
etal Bullock Correctional )
Facility P.M.S (Prison Medical) )
defendants               )
              Defendants )

**Special Report And Affidaut of Plaintiff**

1) The Plaintiff, failed in the Shower Area of the Bullock Prison.

2) The Prison Commissioner, has failed to Place Shower mats in the Shower, and Same did Contribute, And Amounts to Bad faith on Part of Commissioner Under 42 U.S.C. 1983, <u>Lugar vs. Edmondson oil Co.</u> 457 U.S. 922 - 937

3) <u>Additional Defendants</u>, must be Classified State Actors, when they have Acted in A Bad faith Manner, in failing to Place Shower mats in Prison Showers).

-1-

4) The defendant Allen denies each and every material Allegation contained under 42 U.SC 1983, the Defendant does not deny under 18 U.SC. 242, that he cant, with unclean Hands, Be Libal under Criminal Counter Part 42 U.SC 1983

The defendant claims they cant be Libal under
AKaC v. 8Himodo, 832 f.2d 119-120 9th Cir. 1987

The Plaintiff stated a claim under the Eight-Amendment, when He Retroactive Alledged that over crowding In over crowded State Prison, did Play A Part, In unclean hands Defence By Defendant, making them Lible, Monell vs. New york City Social Service

5) where defendants Is A Person within 42 U.SC. 1983 [,] 18 U.SC. 242

6) Defendants can be held Libal
Daniel v. Williams 474 U.S. 327, 333 (1986)

7) <u>Additional Citations</u>, 429 U.S. At 106

-2-

defendants can be Held Libal 429 US At 106 By Beening Deliberate Indifference to Medical Needs, where State Commissioner when he took the Job (HS Commissioner) "Did or Knew) that the Prison Over Crowding did Contribute to the Plaintiff Injuries By Excessive Prisoner's Bathing and Leaving the Shower Area, In Total Mess did Directly Cause the Commissioner Responbile 328 U.S. At 640, (1946)

8) under young v. Quinlan, 960 f.2d 351, 360-61 (3rd Cir 1992) 2 Prison offical Is deliberate Indifferent when Civil Law Suit, Did Alart the Indifferent defendants, that Over Crowding Inmate's In State Shower designed for Six But Increase to Twelve mens In Shower of Two Each, to H²º Running Water did Case, the Plaintiff Injury. where Commissioner Should Have knowned of [A] Sufficiently Serious Danger to Inmates And failed to Respond, 2006).

9) Violated, 42 USC. 1983, 457 U.S. 922 937 (where defendant must be Classified 4 State Actor:

-3-

The Plaintiff Contends, the defendants can be Held Libal under the Legal Service Libility Act, 6-5-570 and Ask the United State Magistrate to Appoint, A Legal Advisor for Plaintiff Can Not Protect the class, frcp. 23 (a) frcp 8(a)(1), frcp 8(a)(2) where Relief Is Sought. From direct of Indirect objections By defendants, 955 f.2d 21-22 7th Cir. 1992) Citing Jackson V. Duckworth (7th Cir. 1992)

10) the defendants Are All Acting under Color of State Law, with gave Rise to federal Cause of action, 42 USC 1983 (1)(2)(3)(4)(5) 403 U.S. At 388 which cites genuine Issue under Color of federal and State Law Actors, making Them Libal 328 U.S. At 640, <u>Pinkerton V. United States</u> (1946)

-4-

## Certificate of Service

I, DERRICK COX # 140603, did place same in United State mail, by delivering same to Office of Clerk, at P.O. Box 711 Montgomery, Alabama 36130 United States Court House, Done this 15, Day December, 2006

Plaintiff
I.

/s/ Derrick Cox # 140603
P.O. Box 5107
Bullock Corr. Fac.,
Union Springs, AL 36089

1.

c/o Interested Defendants:
Alabama Department of Correction
Legal Div.
301 S. Ripley Street, Montgomery, AL 36130

c/o Kim T. Thomas (THO115)
Deputy Atty Gen.

c/o Tara S. Knee
Asst. Atty General
P.O. Box 30/501

c/o Federal Notice
FRCP 23(a) Similar Situated Defendants

1.

-5-