IN THE UNITED STATES DISTRICT COURT FOR MIDDLE DISTRICT of ALABAMA, P.O. BOX 711 Montgomery, ALABAMA 36101

1. DERICK COX #140603, Plaintiff et al Plaintiffs

vs.   Civil Action No. 2:06CV-989-MHT

2. Commissioner Richard Allen, et al
3. In His Supervisory Capasity with
4. Similar Situated PHS, Prison
5. Health Service
   Defendants

6. Plaintiff Answer And Affidavit
7. On Personal Knowledge, Showing Rule 56(e)
8. His Genuine Issues for Civil Trial
9. FRCP Rule 38(a) 39(a) Notification 23(a)

The Plaintiff is over the Age of Twenty One And Compentant to testify In His own Behalf or Compentant to Hire And Attorney to Carry His Issues, Before [A] Compentant Jury of the United States, federal Jurisdiction Hagan V. Levine 415 U.S. At 528 (1967 of 28 U.SC. 1343(a)'

- 1 -

## Table of Citations 13.                                    Page(s)

Anderson vs. Libby Lobby 13., 477 U.S. At 2510 ---- 1, 2,

Brown v. Crawford, 906 f.2d 667-671 ----- 2, 4, 8,
Bivens v. Six agents, 403 U.S. 388 ------ 2, 10
Clark v. Evans, 840 f.2d 876-885 ------ 2, 6
Estelle v. Gamble, 429 U.S. At 106 ------ 2, 7, 9,
KKK Act, 1871 ---------------- 2, 8,
Hagan v. Levine, 415 U.S. 528 (1967) ----- 2, 10
Lewis v. Smith, 855 f.2d 736, 738 (11th Cir 1988)
---------------------- 2, 4 -
28 U.S.C. 2671, et seq. ----------- 2, 10,
Eleventh Amendment ---------- 2, 11,
[ Smith v. Wade, 461 U.S. At 75 ------ 2, 5,
[ 28 U.S.C. 2201, 2202 ---------- 10,

Wilson v. Seiter, 111 S.Ct 2326, 2327 ---- 2, 5, 7, 9,

F.R.C.P. Rule 23 (a) ---------- 1, 2, 6, 11,
28 U.S.C. 1343 (a) ----------- 2, 8, 10,
18 U.S.C. 242 ------------- 2, 3,
42 U.S.C. 1983 ------------ 2, 3, 8,
F.R.C.P. Rule 3, ----------- 2, 3,
F.R.C.P. Rule 56 (e) 30(a), 39(a) ----- 1, 2,

-2-

## STATEMENT OF CASE [14] (1)

The Plaintiff is Mental Health Inmate [14] at Bullock Correctional Facility, where defendants beening Deliberate Indifferent [to] His medical needs [15], i.e. in failing to put Rubber Safty mats in the Showers (to be stepped on) for Safty [16], (2) the Plaintiff drafted His Complaint under 42 U.S.C. 1983 [17] (3) Invoking the, KKK Acts of 1871 and two, to Be Read with (4) 18 USC 242 [18]

## facts (4)

### I. [1]

On November 1, 2006 Cox the Plaintiff amended His Complaint drafted under federal Rules Civil Procedure Rule 3. [19]

(5) 

### II.

The Crux, of this case involve, Supervisory Liability, of [The] Prison Commissioner [20] who failed to place Safty Shower mats [21] in the Alabama Prison Showers [21]

[22] Amended His Civil Action

And prayed for 100 million In Punitive Damages 461 U.S. at, 75. [22]

— 3 —

Statement of facts (6) [23.]

I.

In Brown v. Crawford, 906 F.2d 667-671 (11th Cir 1990), the Court Stated Supervisory Liability Occurs Either when...

II. (7) [23.]

the Supervisor Personally Participates [9] In the Alledged Constitutional Violations [6] or when there is [A] Causal Connection [24.] Between Action of the Supervising official By [2] meeting of the mind, 415 U.S. 528 [3] At United Mind Workers Vs. Gibbs, Supra [24.] or between defendants (8) [25]

[25.] Lewis V. Smith, 855 F.2d 736, 738 (1 Cir. 1988) (PerCuriam)...

the Causal Connection Can be established [25] when [2] History of wide spread Abuse [of] the Responsible Supervisor [25] [As] Commissioner [25] Richard Allen, In failing [to] Place (9) [26] Safty Shower matt's In Shower, (10) [26.] did Show And (Abuse of Power) on [27] BEHalf of Supervisor Authority [27], In [28] failing ... to Place Shower matts In Pendent Court Jurisdictional [28.] Shower, 28 U.S.C. 1343 (2) Admitted [29] An "Abuse" of widespread Practice [30.] [29.]

- 4 -

30.
Rising to the Level....
of Eight Amendment Authority
III.

The Plaintiff Derick Cox, Admitted to the PHS. (Prison Health Services) that he failed In the Bullock Shower, the Casual Connection, that makes the Prison Commissioner Supervisory Libal, Is

"In Injury"

2) By failing to Place Safty Shower mats, Before Derick Cox Injury

3) Gave Rise (to an abuse of Authority,) of the Commissioner, In

4) "Failing" to Correct the Retroactive Shower Safty matts Problem, Before date of, Derick Cox Injury

5) Gave Rise to A wide spread Abuse of Authority In All Alabama Prison

6) Where defendants must Have Acted With obduracy, At, Wilson V. Seiter 111 S.Ct. 2326 through 2327

7) Smith v. Wade, 461, U.S. At 75, Punitive Damages, Proper.

-5-

## IV.

8) The Plaintiff admits[39]... The Casual[39] Connection can be established,[40] when [2] History of Shower Alabama Problems, can occur, when the Lady's At[40] Wentunka Tuckwiler Inmates Suit... Petition the United States Federal Court for Shower Curtains, to Protect their Private Parts, from Male Correctional Officers, desireing to "Peep" at the Casual Connection,[40] of Placeing Shower Curtains, But failing to Place[41] Safty Shower matts, In Both Men's & Women's Prisons, Constituted[41] the deprivation that Causes (PerCuriam)[42] ... The deprivation... Sufficiently,[42] to notify the Commissioner, of Retroactive[43] Wide spread abuse, sufficient to notify the (Prison supervising officals)[44.] of Constitutional Needs, for Shower Curtains (FRCP 23(a)) are Similar[45] Situated Needs, for Safty Shower matts At All Alabama Mens Prisons[46] Clark v. Evans, 840 F.2d 876, 885 (11th Cir. 1988[46]

- 6 -

The Casual Connection
IV. 47

9) ... the Court Stated that when ... the Causal Connection can be established, By [A] History of widespread Abuse, By Having to Be Ordered, to Place Shower Curtains, In the Tuckwiler Womens Prison, the Causal ... Connection ... Is establish at ___ 47 sic

10) "The Failure [of] The Supervisor, 50 Commissioner to Place Shower 47. mats In the mens Prison, 48 did violate Constitutional Amendment Eighth, 48 At, 111 S.Ct. 2326, At 2327

The Casual Connection IV.

11) When the Defendant's Beening the Objective Components. [Sic] 49. In failing to Correct The 49 Problem, By Placeing Shower mats In men's Shower, did 50. Violate the Subjective Component 429 U.S. At 106, 51. 50.

12) When Supervisor officials Is Obious deliberate Indifferent 51. to Plaintiff Mental Health Needs 52 for Shower mats, N-Shower "AREA" 52

-7-

## V.

13) In Brown vs. Crawford, 906 F.2d 667-671 (11th Cir 1990), the Court stated Supervisory Liability (Occurs Either) when the Supervisor Personally Participates In failing to Correct the Alleged Constitutional Violation.

14) Or when there Is [A] Causal Connection Between Actions, or Between the 28 U.S.C. 1343 (@) Defendants. Where the Need to Correct, An Identified Problem, Is the Causal-Connection Beering "Established..."

15) By Good Faith Affidavits And Not By Bad Faith Affidavits of Wilma Nalls, R.N. In failing to Sign, [A] Premade Affidavit By Attorneys for Defendants. 28 U.S.C. 1343(?) U.S.C.A. §1983

## VI.

16) When It Is Clear to the Courts that One Bad Faith Affidavit, filed (By The Defendants) Is the Causal Connection; to Admit, that Any Bad Faith Affidavit By Defendants Is Enough to grant, Punitive Damages i.e. Plaintiff

-8-

17) As Part of Plaintiff Relief [62.] the Plaintiff Sought Retroactive Punitive Damages, from Beening Denied Proper medical Care, 429 U.S. At [62.] 106

18) the Plaintiff Alledged [63.] that All defendants [63.] especially PHS, Did Deny Him of Proper medical Care, and Same Caused, the ... [64.] Casual Connection of Inadequate medical Care 429 U.S. At 106 [64.]

19) the facts that All [65.] Defendants Must Have Conspired "with" ~~O.B. Durcy~~, to Cause And Eight Amendment Claim, At, 111 S.C. 2326-27. ~~to~~ Rise to 429 U.S. At 106. [65.]

- 9 -

Rising to the Level of Eighth [65.] Amendment at Constitution Amendment 8th

20) Now the defendants, As[65.] P.H.S. admits that they, Did Conspire with Nurses[66.] By Wilma Nalls R.N. (In-making [A]) Bad-faith Affidavits[66.] at 2:06-CV-989-MHT

21) Must Now (So Admit[67.]) that [the] Pendant Courts Defendants[67.] Are Now "Ripe"[68.] for 28 USC 2201, 2202, Settlement's of 25 Million, esq.[68.] to Stop the Plaintiff Claims ... As [W]Hole which "Suggest,"[69.] the Plaintiff Has Been Subjected [to] Retroactive Emotional Distress*[69.], By ... Beening Put Beweed*[70.] defendants, who obvious Has [A] disregards for 28 USC 1343(2) By their[70.] Proven "meeting of the mind"[71.]

22) to Cause [A] Biven Colorable Came to rise to level of Eight Amendments[71.] for Retroacted, Subjected to Cruel[71.] and Unusual Punishment. for Civil Torts, 28 USC. 2671 et.seq. [.]
[71.]

-10-

23) See [Exhibit "B"] to Satify the Courts that By Bad faith Affidavits, unsigned the defendants Is (Retroactive) Not Entitled to Eleventh Amendment Immunity. By their "Bad faith Affidavits"

72.
72.
73.
73.
74.   74.

## Certificate of Service
75.

I, Derick Cox # 140603, did Hereby disposite this Admissions And Preamble Answers on the United States federal Court Clerk, In Pendant Court Jurisdiction

75.
76.   76.

Done this, 16th Day January 2006 By placing same In United States mail By Legal Preamble Documents Evidence Submitted As, Exhibt "B"

76   77
77.

77.
Preamble: f.Rcp. 23(a)
Notification — 11 —
42

/s/ Plaintiff:
Mr. Derick Cox 140603
P.O. Box 5107 (Bullek Prison)
Union Springs, AL. 36089

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

DERICK COX (AIS# 140603),

    Plaintiff,

v.       CIVIL ACTION: 2:06CV-989-MHT

RICHARD ALLEN, et al.,

    Defendants.

**SPECIAL REPORT OF DEFENDANT**
**PRISON HEALTH SERVICES, INC.**

COME NOW Defendant, Prison Health Services, Inc., et al. (identified in the plaintiff's complaint as Prison Medical Services) (hereinafter "PHS"), and in response to this Court's Order submits the following Special Report with regards to this case:

**I. INTRODUCTION** [77.]

The plaintiff, Derick Cox (AIS# 140603), is currently incarcerated at the Bullock County Correctional Facility in Union Springs, Alabama. On or about November 1, 2006, Cox filed a Complaint in the United States District Court for the Middle District of Alabama against [77.] two defendants (1) the Department of Corrections/Prison Commissioner and (2) Prison [78.] Medical Services (correctly named Prison Health Services, Inc.). Cox alleges his [78.] constitutional rights were violated by a failure to place shower mats in the shower, the result [79.] [79] of which led to (an injury) which occurred on or (about October 24, 2006.) As its relates to [80] [80.] [81.] PHS, Cox (claims inadequate medical care relating to the back injury he claims he suffered as [81] [82.] [82.] [83] a result of this fall, which caused pain to his upper and lower spine. [83] [84] [84]

*Farmer v. Brennan Supra* [84.]

-12-



IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DERRICK COX, #140603                *

    Plaintiff,                          *

V.                                  *      2:06-CV-989-MHT

RICHARD ALLEN, et al.,              *

    Defendant.                         *



### AFFIDAVIT OF WILMA NALLS, RN
84.

**BEFORE ME,** _____, a notary public in and for said County and State, personally appeared **WILMA NALLS**, and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of his ability, information, knowledge [HER] and belief, as follows:
84  84  85  85  86  86  86  87  87

"My name is Wilma Nalls. I am over the age of twenty-one and I am personally familiar with all of the facts set forth in this affidavit. I have been a licensed, registered nurse in Alabama since 1991. I hold an Associate's Degree in Nursing from Southern Union in Lanier, Alabama. I have practiced nursing since 1991. In particular, I have worked as a nurse at Bullock County Correctional Facility in Union Springs, Alabama, since August of 2004.
88. 88. 89. 89. 90. 90. 91. 91. 92. 92.

Derrick Cox (AIS# 140603) is an inmate currently incarcerated at Bullock County Correctional Facility. I am familiar with Mr. Cox's medical history and conditions and have seen and evaluated him as a patient on numerous occasions. Mr. Cox has a medical history that is significant for chronic asthma and a psychiatric history for which he takes Prozac. I oversee all of his medical problems, but my primary concern is his asthma. I have also reviewed Mr.
93. 93. 94. 94. 94. 95. 95. 96. 96.

-14-

Cox's medical records (certified copies of which are being produced to the Court along with this [sic])
Affidavit.)

It is my understanding that Mr. Cox has made an allegation in this matter that Bullock County Correctional Facility have failed to provide him with appropriate medical treatment for his back pain. Mr. Cox's allegations in this regard are untrue as he has been afforded appropriate care for this condition at all times.

Mr. Cox presented to the emergency room at Bullock County Correctional Facility on October 24, 2006 and was seen by a nurse. Mr. Cox stated that he fell in the shower and landed on his back. He was treated with pain medicine, muscle relaxers and warm compresses to his back. He was seen and evaluated by Dr. Tahir Sadiq the following day. He was given orders for a bottom bunk and a Lay-in (inactive status). An x-ray of his lumbar spine was ordered and performed and the results of that were normal. Mr. Cox has continued to receive treatment for his complaints of back pain with Advil, Flexeril and extended Lay-in (inactive status). He has been treated each time he raised any health complaints.

Based on my review of Mr. Cox's medical records, and on my personal knowledge of the treatment provided to him, it is my medical opinion that all of his medical conditions and complaints have been evaluated in a timely fashion at Bullock County Correctional Facility, and that his diagnosed conditions have been treated in a timely and appropriate fashion. At all times, he has received appropriate medical treatment for his health conditions from me and the other PHS personnel at Bullock. At no time has he been denied any needed medical treatment. In other words, it is my opinion that the appropriate standard of care has been adhered to at all times in providing medical care, evaluation, and treatment to this inmate.

-15-

At no time have I or any of the PHS staff at Bullock County Correctional Facility denied Mr. Cox any needed medical treatment, nor have we ever acted with deliberate indifference to any serious medical need of Cox. At all times, Cox's known medical complaints and conditions have been addressed as promptly as possible under the circumstances."

Further affiant sayith not.

                                                _____
                                                WILMA NALLS, RN

STATE OF ALABAMA                  )

COUNTY OF _____                )

      SWORN TO and SUBSCRIBED BEFORE ME on this the _____ day of _____, 200___.

                                                _____
                                                NOTARY PUBLIC
                                                My Commission Expires:_____

(NOTARIAL SEAL)

*[Handwritten annotations:] Bad faith Affidavit*

*Preamble: Sis (11th Amendments) Immunity should be denied as Requested by Defendants, etal*

*Preamble 121:*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served by U.S. Mail this the 11th day of January, 2007, to:

Derick Cox (AIS# 140603)
P. O. Box 5107
Union Springs, AL 36089

Tara S. Knee, Esq.
Assistant Attorney General
Alabama Department of Corrections
Legal Division
P. O. Box 301501
Montgomery, AL 36130

/s/ PAUL M. JAMES, JR. (JAM017)
Attorney for Defendants Prison Health Services, Inc.

*Address unknown -*
[ F.R.C.P 23 (a)
  Notification Admittance ]

-17-