IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DERICK COX, #140603, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-989-MHT |
| | ) [WO] |
| RICHARD ALLEN, et al., | ) |
| | ) |
| Defendants. | ) |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Derick Cox ["Cox"], a former state inmate, against Richard Allen, the commissioner of the Alabama Department of Corrections, and Prison Medical Services ["PMS"], the previous health care provider for the state prison system.[1]  In this complaint, Cox asserts the defendants acted with negligence in failing to place rubber mats in the shower area at the Bullock County Correctional Facility which resulted in his falling on the wet floor.  Cox further complains the defendants denied him adequate medical treatment for the back injury he suffered in this fall.  Cox seeks declaratory relief and monetary damages for the alleged violations of

---

[1]Counsel for the medical defendant advises that the proper name for the health care provider is Prison Health Services, Inc.  However, for purposes of this Recommendation, the court will refer to this defendant as named in the complaint.

his constitutional rights.  *Plaintiff's Complaint - Court Doc. No. 1* at 3.

The defendants filed special reports, answers and supporting evidentiary materials addressing each of Cox's claims for relief.  Pursuant to the orders entered herein, the court deems it appropriate to treat these reports as motions for summary judgment.  *Order of January 16, 2007 - Court Doc. No. 22*.  Thus, this case is now pending on the defendants' motions for summary judgment.  Upon consideration of these motions, the evidentiary materials filed in support thereof and the plaintiff's responses in opposition to the reports, the court concludes that the defendants' motions for summary judgment are due to be granted.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[2]  The party moving

---

[2] Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules.  These changes ... are stylistic only." Fed.R.Civ.P. 56 Advisory Committee Notes.  Thus, although Rule 56 underwent stylistic changes, its substance

for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

The defendants have met their evidentiary burden and demonstrated the absence of any genuine issue of material fact. Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

---

remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

> In civil actions filed by inmates, federal courts must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted). Consequently, to survive the defendants' properly supported motions for summary judgment, Cox is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e)(1), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory

assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only

factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts,

a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Cox fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

### III.  DISCUSSION

### A.  Absolute Immunity

To the extent Cox sues the defendants in their official capacities, they are immune from monetary damages. Official capacity lawsuits are "in all respects other than name, ... treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity. Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v.*

*Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear that the defendants are state actors entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from them in their official capacities. *Lancaster*, 116 F.3d at 1429; *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1575 (11th Cir. 1994). Thus, the defendants are entitled to absolute immunity from any claims for monetary relief presented against them in their official capacities. *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989).

### B. The Negligence Claim

On October 24, 2006, Cox slipped and fell on a wet floor in the shower at the Bullock County Correctional Facility. Cox alleges this fall occurred due to the "negligent ... failure [of the defendants] to place safety rubber shower mats in [the] shower." *Plaintiff's Complaint - Court Doc. No. 1* at 3. The law is well settled that the Constitution is not implicated by negligent acts of an official causing unintended loss of life, liberty or property. *Daniels v. Williams*, 474 U.S. 327 (1986). In this case, the plaintiff's claim with respect to the lack of shower mats, at best, shows only a lack of due care by correctional officials at Bullock which is not actionable under 42 U.S.C. § 1983. The protections of the Constitution "are just not triggered by lack of due care by prison officials." *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *see also Daniels*, *supra*.

Based on the foregoing, the court concludes that the alleged negligent action about which the plaintiff complains does not rise to the level of a constitutional violation and

provides no basis for relief in this 42 U.S.C. § 1983 action. This portion of Cox's complaint is therefore subject to summary dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.  Deliberate Indifference Claims Against Richard Allen

The plaintiff alleges the failure to place mats in the shower subjected him to cruel and unusual punishment. The court construes this assertion as a claim of deliberate indifference to his safety arising under the Eighth Amendment. Cox further complains the defendants denied him adequate medical treatment for the injury he suffered when he fell in the shower.

A correctional official may be held liable under the Constitution for acting with "deliberate indifference" to an inmate's health or safety when the official knows that the inmate faces "a substantial risk of serious harm" and with such knowledge disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "It is not, however, every injury suffered by [an] inmate ... that translates into a constitutional liability for prison officials responsible for the [inmate's] safety." *Id.* at 834. A constitutional violation occurs only when an inmate plaintiff establishes the existence of "a substantial risk of serious harm, of which the official is subjectively aware, ... and [that] the official does not respond[] reasonably to the risk'...." *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th Cir. 2001)(en banc), *quoting Farmer*, 511 U.S. at 844. Thus, in order to survive summary judgment on this claim, the plaintiff is "required to

produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendant[s'] deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer,* 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter,* 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991).... Even assuming the existence of a serious risk of harm and causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists--and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003).

It is clear from the pleadings filed in this case that Richard Allen is named as a defendant solely due to his supervisory position as commissioner of the Alabama Department of Corrections. Moreover, it is undisputed that defendant Allen is not personally involved in the daily operation of any state correctional facility nor is he a health care professional. The law is well settled that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004); *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir.2003) (concluding supervisory officials are not liable on the basis of respondeat superior or vicarious liability); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999), citing *Belcher v. City of Foley*, 30 F.3d 1390, 1396

(11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of subordinates/employees under either a theory of respondeat superior or vicarious liability); *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Florida*, 402 F.3d 1092, 1115-1116 (11th Cir. 2005) (a prisoner simply cannot rely on theories of vicarious liability or respondeat superior to establish liability). Thus, defendant Allen is liable for the condition of the Bullock shower area and medical treatment provided to Cox only if Allen "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (citation omitted). "Although § 1983 requires a connection between the official's acts or omissions and the plaintiff's injury, an official also may be liable where a policy or custom that he established or utilized resulted in deliberate indifference to an inmate's constitutional rights. *Id.* at 1059." *Salas v. Tillman*, 162 Fed.Appx. 918, 922 (11th Cir. 2006). A supervisory official "may be liable only for implementing a policy that is 'itself [ ] a repudiation of constitutional rights' and 'the moving force of the constitutional violation.' *Grandstaff v. City of Borger*, 767 F.2d 161, 169, 170 (5th Cir.1985)." *Oliver v. Scott*, 276 F.3d 736 (5th Cir. 2006).

    Cox has presented no evidence sufficient to create a genuine issue of disputed fact with respect to his claims that defendant Allen acted with deliberate indifference to his

safety and medical needs. There is nothing before the court which indicates that this defendant personally participated in or had any direct involvement with the placement of rubber mats in the shower area at Bullock or the medical treatment provided to Cox. Additionally, the undisputed evidentiary materials demonstrate that medical personnel made all decisions relative to the course of treatment provided to Cox and further establish that such treatment did not result from a policy instituted by defendant Allen. The law does not impose upon correctional officials a duty to directly supervise health care personnel, to set treatment policy for the medical staff or to intervene in treatment decisions where they have no actual knowledge that intervention is necessary to prevent a constitutional wrong. *See Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977) (a medical treatment claim cannot be brought against managing officers of a prison absent allegations that they were personally connected with the alleged denial of treatment).

The record is completely devoid of evidence that defendant Allen had knowledge of specific facts from which an inference could be drawn that a substantial risk of harm existed to Cox, that defendant Allen actually drew this inference and thereafter ignored the risk. Cox has therefore failed to establish any of the requisite elements of his deliberate indifference claims against defendant Allen. *Carter*, 352 F.3d at 1350. Consequently, summary judgment is due to be granted in favor of this defendant.

### D. Lack of Shower Mats - Prison Medical Services

Prison Medical Services is in no way responsible for the physical condition of the shower area at the Bullock County Correctional Facility. Thus, there is no legal theory on which the plaintiff can proceed against this defendant on the shower mats claim and Prison Medical Services is therefore entitled to summary judgment on this claim.

### E. Denial of Adequate Medical Treatment by Prison Medical Services

Cox contends medical personnel assigned to the Bullock County Correctional Facility provided inadequate treatment for the injury to his back. Specifically, Cox alleges the medical staff failed to furnish him with satisfactory dosages of pain medication for this injury. *Plaintiff's Complaint - Court Doc. No. 1* at 3.

To prevail on a claim concerning an alleged denial of adequate medical treatment, an inmate must, at a minimum, show that those responsible for providing such treatment acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir.1986). Specifically, medical personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292; *Mandel v. Doe*, 888 F.2d 783, 787 (11th Cir.1989). "In articulating the scope of inmates' right to be free from deliberate indifference, however, the Supreme Court has also emphasized that

not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.' *Estelle,* 429 U.S. at 105, 97 S.Ct. at 291; *Mandel,* 888 F.2d at 787. Medical treatment violates the eighth amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.' *Rogers,* 792 F.2d at 1058 (citation omitted). Mere incidents of negligence or malpractice do not rise to the level of constitutional violations. *See Estelle,* 429 U.S. at 106, 97 S.Ct. at 292 ('Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.'); *Mandel,* 888 F.2d at 787-88 (mere negligence or medical malpractice 'not sufficient' to constitute deliberate indifference); *Waldrop,* 871 F.2d at 1033 (mere medical malpractice does not constitute deliberate indifference). Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment. *See Waldrop,* 871 F.2d at 1033 (citing *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir.1977))." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991); *Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985) (mere fact that a prisoner desires a different mode of medical treatment does not amount to deliberate indifference). A facility's medical care provider may be held liable under the Eighth Amendment only for acting with deliberate indifference to an inmate's health when the provider knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825

(1994).

No extended discussion of the facts is necessary. The medical records filed herein demonstrate that after Cox's fall in the shower at Bullock medical personnel provided treatment to Cox for his back injury in accordance with their assessment of his condition. *Medical Defendant's Exhibit A to the January 11, 2007 Special Report (Inmate Medical Records of Derrick Cox) - Court Doc. No. 20-2 thru Court Doc. No. 20-4*. The undisputed evidentiary materials before the court demonstrate that the prison medical staff routinely examined Cox, thoroughly evaluated his complaints of back pain, provided various medical profiles, ordered an x-ray of his spine and rendered extensive treatment in accordance with their professional judgment. *Id.*; *Medical Defendant's Exhibit B (Affidavit of Registered Nurse Wilma Nalls) - Court Doc. No. 24-2* at 2-3; *Medical Defendant's Exhibit E (Affidavit of Dr. Tahir Siddiq) - Court Doc. No. 20-8* at 3-4. The evidentiary materials likewise establish that medical personnel prescribed various medications to alleviate pain and swelling associated with Cox's injury to his back. *Id.*

The affidavit filed by Dr. Tahir Siddiq delineates the treatment provided to Cox for his back injury as follows:

> "....
> Mr. Cox presented to the emergency room at Bullock County Correctional Facility on October 24, 2006 and was seen by a nurse. Mr Cox stated that he fell in the shower and landed on his back. He was treated with pain medicine, muscle relaxers and warm compresses to his back. I evaluated and treated Mr. Cox the following day. He was given orders for a bottom bunk and a Lay-in (inactive status). I ordered an x-ray of his lumbar spine which

>was performed and the results of that were normal. Mr. Cox has continued to receive appropriate treatment for his complaints of back pain and I ... prescribed Advil, Flexeril and extended Lay-in (inactive status). This treatment remain[ed] available for Mr. Cox [for the duration of his incarceration at Bullock County Correctional Facility]. He has been treated each time he raised any health complaints.
>     Based on my review of Mr. Cox's medical records, and on my personal knowledge of the treatment provided to him, it is my medical opinion that all of his medical conditions and complaints have been evaluated in a timely fashion at Bullock Correctional [F]acility, and that his diagnosed conditions have been treated in a timely and appropriate fashion. At all times, he has received appropriate medical treatment for his health conditions at Bullock. At no time has he been denied any needed medical treatment.... At no time have I, or any of the medical or nursing staff at Bullock Correctional Facility, denied Mr. Cox any needed medical treatment, nor have we ever acted with deliberate indifference to any serious medical need of Mr. Cox. At all times, Mr. Cox's known medical complaints and conditions have been addressed as promptly as possible under the circumstances."

*Medical Defendant's Exhibit E (Affidavit of Dr. Tahir Siddiq) - Court Doc. No. 20-8* at 3-4.

Under the circumstances of this case, it is clear that the course of treatment undertaken by medical personnel at the Bullock County Correctional Facility was neither grossly incompetent nor inadequate. It is undisputed that Cox received significant medical treatment as dictated by his condition. His mere desire for a different mode of medical treatment does not amount to deliberate indifference. *Harris*, 941 F.2d at 1505. Cox has failed to present any evidence which indicates medical personnel knew that the manner in which they treated his condition created a substantial risk to his health and that with this knowledge consciously disregarded such risk. The record is devoid of evidence, significantly probative or otherwise, showing that anyone associated with the medical

16

defendant acted with deliberate indifference to Cox's medical needs. Summary judgment is therefore due to be granted in favor of Prison Medical Services.

### F. The Conspiracy Claim

In his responses to the defendants' reports, Cox makes the specious assertion that all of the adverse actions about which he complains resulted from a conspiracy among the defendants. A conspiracy claim justifiably may be dismissed because of the conclusory, vague and general nature of the allegations of a conspiracy. *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). The court has carefully reviewed the plaintiff's allegations of a conspiracy. At best, the assertions made by Cox are self serving, purely conclusory allegations that fail to assert those material facts necessary to establish a conspiracy between the named defendants. *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988) (to properly state a claim for relief based on a conspiracy, a plaintiff must, at the least, plead facts demonstrating that the offending parties "reached an understanding" to deny the plaintiff his constitutional rights); *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (merely "stringing together" acts, without showing that the parties "reached an understanding" to violate plaintiff's rights, is insufficient to allege the existence of a conspiracy).

Other than his suppositious allegations, Cox presents nothing, nor can this court countenance any evidence, to indicate that the defendants entered into a conspiracy to deprive him of his constitutional rights. In light of the foregoing, the court concludes that

the plaintiff's bare allegations of a conspiracy are insufficient to support a claim for relief under 42 U.S.C. § 1983 and are therefore due to be dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).  *Harvey*, 949 F.2d at 1133; *Fullman*, 739 F.2d at 556-557.

### IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendants' motions for summary judgment be GRANTED.

2.  Judgment be GRANTED in favor of the defendants.

3.  This case be dismissed with prejudice.

4.  The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before April 27th 2009 the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 14th day of April, 2009

                                      /s/ Wallace Capel, Jr.
                              WALLACE CAPEL, JR.
                              UNITED STATES MAGISTRATE JUDGE